FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case #769 / b9a_7cna.jsp) (12/12)   Case Number 13−16125−HRT

# UNITED STATES BANKRUPTCY COURT
District of Colorado

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 4/16/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors − Do not file this notice in connection with any proof of claim you submit to the court.
See Reverse Side for Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Marlene Elaine Brown
aka Marlene E Brown, aka Marlene E Smith
7652 S. Allison Circle, Unit F
Littleton, CO 80128

| Case Number:<br>13−16125−HRT | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx−xx−7875 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Todd Wagner<br>2305 E. Arapahoe Rd.<br>Ste. 205<br>Centennial, CO 80122<br>Telephone number:  303−996−0149 | Bankruptcy Trustee (name and address):<br>David V. Wadsworth<br>1660 Lincoln St.<br>Ste. 2200<br>Denver, CO 80264<br>Telephone number:  303−296−1999 |

### Meeting of Creditors
Date: **May 23, 2013**                             Time: **04:00 PM**
Location: **U.S. Trustee 341 Meeting Room, 1999 Broadway, 8th Floor, Suite 830, Room A, Denver, CO 80202**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 7/22/13**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

### Deadline to Provide Documents and Notice of Possible Dismissal:
*For cases filed on or after October 17, 2005*

Pursuant to 11 U.S.C. §521(e)(2), Federal Bankruptcy Rule 4002 and L.B.R. 1017−2, no later than *seven* court days prior to the original date set for the first meeting of creditors, the debtor shall provide to the case trustee a copy of the Federal income tax return required under applicable law, or a transcript of such return, for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return is filed, and provide the same tax information to creditors that requested a copy at least *fourteen* days prior to the meeting of creditors. The failure to comply will result in dismissal of the debtor's case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor. L.B.R. 1017−2.

Pursuant to Federal Bankruptcy Rule 4002, the debtor shall bring the meeting of creditors: 1) picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity and evidence of a social security number or a written statement that such documentation does not exist; 2) documents or copies or a written statement that such documentation does

not exist of a) current income such as the most recent payment advice, pay stub, or earnings statement; b) statements for each of the debtor's depository (bank, credit union) and investment accounts for the time period that includes the date of the filing of the petition; and 3) documentation of monthly expenses claimed by a debtor as required under 11 U.S.C. §707(b)(2)(A) or (B).

| **Address of the Bankruptcy Clerk's Office:**<br>US Bankruptcy Court<br>US Custom House<br>721 19th St.<br>Denver, CO 80202−2508<br>Telephone number:  720−904−7300 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>s/ Kelly J. Sweeney (Acting Clerk) |
|---|---|
| Hours Open:  Monday − Friday 8:00 AM − 5:00 PM | Date:  4/17/13 |

## EXPLANATIONS

FORM B9A_7cna (12/10)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| Appointment of Interim Trustee | The person designated as Bankruptcy Trustee on the front side of this form has been selected as Interim Trustee of the estate of the captioned debtor(s) and the trustee's previously−filed blanket bond is approved. Unless another trustee is elected at the meeting of creditors, the trustee shall serve without further appointment or qualification. The trustee is deemed to have accepted the appointment, unless the trustee notifies the Court and the U. S. Trustee in writing of any rejection within five days after receipt of notice of selection. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a2), (4), or (6), you must file a complaint or a motion if you assert the discharge should be denied under § 727(a)(8) or (a)(9) in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Trustee's Sale of Assets | At the meeting of creditors, the trustee may announce an intention to sell nonexempt tangible property of the estate if the aggregate gross value of all nonexempt property is less than $2,500. Any objections to said announcement must be filed in writing with the clerk and served upon the trustee within 15 days of the meeting. |

−− Refer to Other Side for Important Deadlines and Notices −−